## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KAREN ADLER O/B/O | : | |
| RUTH WALKER, | : | |
| | : | |
| Plaintiff, | : | Civ. Action No. 04-2038 (JAG) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SECRETARY OF HEALTH | : | |
| AND HUMAN SERVICES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GREENAWAY, JR., U.S.D.J.**

### INTRODUCTION

Plaintiff Karen Adler ("Plaintiff") seeks review of the final determination of the Secretary of Health and Human Services ("Secretary"), denying payment for the inter-hospital air ambulance transport and transfer services furnished to the Beneficiary, Ruth Walker ("Beneficiary"), pursuant to 42 U.S.C. § 405(g).[1]  Plaintiff asserts that the Administrative Law Judge's decision was not supported by substantial evidence and should therefore be reversed. For the reasons set forth in this opinion, this Court affirms the Secretary's decision denying payment.

---

[1] This section of the Social Security Act (hereinafter "the Act") provides that any individual may obtain a review of any final decision of the Secretary made subsequent to a hearing to which s/he was a party.  The federal district court for the district in which the plaintiff resides is the appropriate place to bring such action.  42 U.S.C. § 405(g) (2000).

**PROCEDURAL HISTORY**

Plaintiff, on behalf of the Beneficiary, submitted a claim for reimbursement of air transport service. (Tr. 11.)[2] Plaintiff's claim for reimbursement was denied. (Id.) A fair carrier hearing decision on January 15, 2002, upheld the denial. (Tr. 60.) On February 10, 2003, upon a timely request by the Beneficiary, Administrative Law Judge Michael H. Noorigian ("ALJ Noorigian") conducted a hearing to review the reimbursement claim. (Id.) ALJ Noorigian issued his decision on March 24, 2003. (Tr. 16). The following is a summary of his findings:

1.  The claimant meets the amount in controversy requirement.

2.  The supplier, Life Lion Air Medical Service, supplied inter-hospital air helicopter transport and transfer services to the beneficiary, on June 3, 1999, the date of the service from Phillipsburg Area Hospital, Pennsylvania, the place or origin, to Morristown Memorial Hospital, New Jersey, the place of destination.

3.  The nearest hospital with the appropriate facilities to which the beneficiary could reasonably be transported was Altoona Hospital, in Pennsylvania. (citing 42 C.F.R. § 410.40 (e)).

4.  The helicopter and air ambulance services are not covered under the provisions of Section 1862(s)(7) of the Act and 42 C.F.R. § 410.40(e)(1).[3]

5.  Payment for the inter-hospital air ambulance transport and transfer services should not be made under the provisions of the Medicare Part B program on the date of service, since the beneficiary was not transported to the nearest, appropriate hospital capable of providing the required level and type of care for her illness and which had available the type of physician needed to treat her particular medical

_____

[2] The Act instructs the Secretary to file, as part of her answer, a certified copy of the transcript of the record including any evidence used to formulate her conclusion or decision. 42 U.S.C. § 405(g) (2000.) "Tr." refers to said transcript.

[3] Medicare covers transportation "to the nearest facility that is capable of providing the required level and type of care for the patient's illness or injury and . . . [has] available the type of physician or physician specialist needed to treat the beneficiary's condition." 42 C.F.R. § 410.40(e)(1).

condition. (citing 42 C.F.R.§ 410.40).

(Tr. 15-16.)  Based on these findings, ALJ Noorigian concluded that the Plaintiff was not entitled to reimbursement for the inter-hospital helicopter transfer and transport services furnished to the beneficiary under Medicare Part B program Title XVIII of the Social Security Act, as amended. (Tr. 16.)

On May 12, 2003, Plaintiff applied for a review of ALJ Noorigan's decision before the Medicare Appeals Council.  (Tr. 3.)  On March 24, 2004, the Appeals Council denied the request for review, concluding that there is no basis for review.[4]  (Tr.1.)  Plaintiff subsequently filed the instant action seeking review of the Commissioner's final decision, pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE FACTS

On February 10, 2003, Plaintiff, Karen Adler, testified before ALJ Noorigian, due to her mother's medical condition and lack of knowledge regarding the instant matter.  (Tr. 115.)  On June 3, 1999, the Beneficiary, Ruth Walker, a seventy-four year old female, was taken to the local hospital emergency room after she developed symptoms that indicated a probable stroke in progress. (Tr. 60.)  Phillipsburg Area Hospital performed a CT scan when the Beneficiary

---

[4] Social Security Administration regulations provide that the Medicare Appeals Council will grant a request for review where: (1) there appears to be an abuse of discretion by the ALJ; (2) there is an error of law; (3) the ALJ's action, findings, or conclusions are not supported by substantial evidence; or (4) there is a broad policy or procedural issue that may affect the general public interest.  20 C.F.R. § 416.1470.  The regulations also provide that if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. In reviewing decisions other than those based on an application for benefits, the Appeals Council shall evaluate the entire record including any new and material evidence submitted. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion are contrary to the weight of the evidence currently on record. 20 C.F.R. § 416.1470.

arrived.  (Tr. 60, 77.)  Plaintiff alleges that, thereafter, Dr. Shulruff, the beneficiary's cardiologist

of two years, recommended that the beneficiary be transferred to Morristown Memorial Hospital

on an emergency basis. (Tr. 120.)  Life Lion Airmedical Service ("Life Lion") reported

transferring the beneficiary by air ambulance from Phillipsburg Area Hospital to Morristown

Memorial Hospital, a distance of one hundred seventy air miles.  (Tr. 102.)  Life Lion also

submitted mileage information indicating that Altoona Hospital is located within twenty-eight air

miles of Phillipsburg Area Hospital.   (Id.)  The record also reflects that Altoona Hospital has a

designated program of services for patients with stroke symptoms.  (Tr. 30.)  Medicare

reimbursed the Beneficiary for air transport to the nearest appropriate facility, identified as

Altoona Hospital.  (Tr. 13.)

## DISCUSSION

### A.    Standard of Review

The Court has jurisdiction to review the Secretary's decision under 42 U.S.C. § 405(g).

The Court must affirm the Secretary's decision if it is "supported by substantial evidence." 42

U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59

(3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB,

305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but

may be less than a preponderance." Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988) (citing

Stunkard, 841 F.2d at 59). The reviewing court must consider the totality of the evidence and

then determine whether there is substantial evidence to support the Secretary's decision.  See

Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981). Furthermore, the reviewing court is not

"empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."

Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v.

Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).

Where there is substantial evidence to support the Secretary's decision, it is of no

consequence that the record contains evidence which may also support a different conclusion.

Blalock, 483 F.2d at 775.

**B.    Statutory Standards**

The Medicare Program, which is set forth in Title XVIII of the Social Security Act,

consists of two parts: Medicare Part A and Part B.  42 U.S.C §§ 1395-1395ggg.  Medicare Part

A, which is not at issue in this suit, covers basic institutional health costs.  42 U.S.C. §§ 1395c-

1395i-5.  Medicare Part B is a voluntary, federally subsidized health insurance program that pays

a portion of certain medical and other health service expenses not covered under Part A.  42

U.S.C. §§ 1395j-1395w-4.  Medical costs covered under Part B include ambulance services when

use of other methods of transportation "is contraindicated by the individual's condition, but only

to the extent provided in regulations."  42 U.S.C. § 1395x(s)(7).

The regulations, which interpret the statute, limit Medicare payment for ambulance

transportation to certain places of origin and destinations.  42 C.F.R. § 410.40.  Coverage is

limited to ambulance services "from any point of origin to the nearest hospital . . . that is capable

of furnishing the required level and type of care for the beneficiary's illness or injury."  42 C.F.R.

§ 410.40(e)(1).  The regulations provide that "the hospital . . . must have available the type of

physician specialist needed to treat the beneficiary's condition."  Id.  A beneficiary will be

5

entitled to reimbursement under Medicare Part B for air ambulance transportation where the record provides ample evidence that the decision to transport the patient to a particular facility is based on the conclusion that the facility is the nearest appropriate facility, in consonance with the regulation.  See Klementowski v. Sec'y, 801 F.Supp. 1022 (W.D.N.Y. 1992); See also, Harvey L. McCormick, Medicare and Medicaid Claims and Procedures § 11.14 (3d ed. 2001).

C.     **ALJ Noorigan's Findings**

ALJ Noorigan applied the Medicare Part B regulations and determined that the air transport services provided to the beneficiary are not payable. (Tr.15.)  The ALJ began his analysis by noting that air ambulance transport is limited to the nearest appropriate facility.  (Id.) He specifically noted that Altoona Hospital has a designated program of services for patients with stroke symptoms, 11 Intensive Care Unit beds, service lines for cardiovascular surgery care, magnetic resonance imaging, neurosurgery, critical care services, a neurodiagnostic unit, and a stroke services program equipped with a 24-hour rapid response stroke team.  (Id.)  He resolved that since there was no evidence that Altoona Hospital was not capable of providing adequate treatment to the beneficiary, it could not be established that the air ambulance transport was provided to the closet appropriate facility. (Id.)

The ALJ acknowledged the credible testimony of Plaintiff Karen Adler.  (Tr. 14.)  Ms. Adler testified that she consulted her mother's cardiologist, Dr. Shulruff, and he advised her that the medical therapy was immediately necessary. (Id.)  Additionally, he allegedly advised against admission to Geisinger Medical Center, the closest facility, since complete medical testing and evaluation would be necessary and the beneficiary required therapy immediately. (Id.) Plaintiff

testified that she was not aware of the existence of Altoona Hospital when the Beneficiary was transferred, and that the physician at Phillipsburg Hospital never presented Altoona Hospital as an alternative. (Tr. 14.)   The ALJ credited Plaintiff's testimony but explained that the knowledge or lack of knowledge of a closer appropriate medical facility and the family's knowledge about the distances between the closest and chosen hospital are not dispositive for the issues of Medicare coverage and limitations. (Id.)  Hence, he found that knowledge or lack of knowledge of a closer medical facility and the family's knowledge of distances between the closest and the chosen hospital are not dispositive of the issues of Medicare coverage and limitations.  (Id.)

ALJ Noorigan also considered the argument made in Plaintiff's Memorandum of Law addressed to the ALJ and dated June 21, 2001 and September 22, 2002.  (Tr. 14.)  Plaintiff relies on Klementowski v. Sec'y of HHS, 801 F. Supp. 1022 (W.D.N.Y. 1992), involving air ambulance transport to a comparatively distant facility with a faster response time.  (Tr. 20-21.)  In Klementowski, the beneficiary was entitled to reimbursement for air ambulance transportation form Buffalo, New York to Cleveland, Ohio based on the court's finding that the hospital in Ohio was the nearest medical facility suitable to treat the beneficiary.  Klementowski, 801 F. Supp at 1022.  ALJ Noorigan distinguished Klementowski on several bases.  (Tr. 15.)  First, he explained that in Klementowski, the plaintiff demonstrated by objective, factual evidence that he was in fact transferred to the nearest appropriate hospital capable of providing the required level and type of care for his illness and injury, which also had available the type of physicians needed to treat the beneficiary's particular medical condition. (Id.)

In the present case, however, ALJ Noorigan determined that substantial evidence indicated that the nearest appropriate hospital capable of providing the required level and type of

care for Ms. Walker's illness and which also had a physician needed to treat her particular

medical condition was not Morristown Memorial Hospital, as Plaintiff urges, but instead Altoona

Hospital.  (Id.)  Moreover, the ALJ reasoned that the instant case is distinguishable from

Klementowski since the Plaintiff has not rebutted the evidence that Altoona Hospital could

render the necessary medical service and care, an analogous fact that was clearly rebutted by the

Plaintiff in Klementowski.  (Id.)

**D.     Analysis**

Plaintiff contends that the Secretary wrongfully denied the her request for payment of

services rendered under Medicare Part B and seeks review of the final determination of the

Secretary.  (P. Mem. L. at 14.)  Plaintiff argues: 1) the Secretary erred in finding that the

beneficiary was not transferred to the nearest appropriate facility; and 2) the Secretary's denial of

the Plaintiff's claim is unjust, unreasonable, and inequitable in that the plaintiff was never

informed of alternative hospitals or provided the opportunity to aid in the decision-making

process.  (Tr. 16- 24.)

**1.     Plaintiff's Claim That the Secretary Erred in Finding That the Beneficiary Was
         Not Transferred to the Nearest Appropriate Facility is without Merit.**

Plaintiff contends that Morristown Memorial Hospital was, in fact, the nearest

appropriate facility since physicians at Morristown were most familiar with the beneficiary's

medical condition and "would be able to make rapid decisions to treat her acute condition."  (P.

Mem. L. at 17).  Plaintiff adds that, in Dr. Shulfruff's opinion, it is very likely that if she had

been sent to Altoona Hospital, Mrs. Walker would not have received appropriate treatment to

prevent the worsening of her condition since the physicians there were not familiar with her

condition.  (Id.)  The regulations provide that Medicare Part B covers ambulance transportation from any point of origin to the nearest hospital capable of furnishing the type of care for the beneficiary's illness or injury. 42 C.F.R. § 410.40(e)(1).  The record indicates that Altoona Hospital has a "stroke services unit" equipped with a "24-hour Rapid Response Stroke Team." (Tr. 30-42.)  Additionally, the regulations require that the hospital have available the type of physician or physician's specialist needed to treat the beneficiary's condition.  (Id.)  The Medicare Manual interprets the statute, providing that Medicare will not cover "ambulance service to a more distant hospital solely to avail a patient of the specific physician or physicians," since "the service of a specific physician or physician specialist does not make the hospital in which the physician has staff privileges the nearest appropriate facility."  Medicare Carrier Manual, § 2120.3(F).  There is substantial evidence in the record indicating that Altoona Hospital has facilities capable of stroke treatment and there is no evidence on record contradicting the capabilities or the adequacy of its physicians.  Therefore, Plaintiff's contention that the Secretary lacked substantial evidence to support the decision that the beneficiary was not transferred to the nearest appropriate facility is without merit.

**2.      Plaintiff's Claim that the Secretary's Denial is Unjust, Unreasonable and Inequitable Since the Plaintiff was Never Made Known of Alternative Hospitals or Provided the Opportunity to Aid in the Decision Making Process is Without Merit.**

Plaintiff contends that the Secretary's denial is unjust, unreasonable, and inequitable since plaintiff was never informed of alternative hospitals or provided the opportunity to aid in the decision making process.  (P. Mem. L at 20.)  While this Court is not unsympathetic to the Plaintiff's lack of knowledge of a closer facility, the ALJ was correct in appraising that the family's knowledge of distances between the closest and chosen facility are not dispositive of the

9

issues in Medicare coverage.  Therefore, the Plaintiff's position is without merit.  (Tr. 14.)

## **CONCLUSION**

For the reasons above, this Court finds that substantial evidence exists to support the Secretary's decision denying payment for the inter-hospital air ambulance transport and transfer services furnished to the Beneficiary. Thus, the Secretary's decision is AFFIRMED.

Dated: October 31, 2005

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.